# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 518 | DATE | October 22, 2002 |
| CASE TITLE | Ward v. Tranzact Payment Services, Inc., et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Defendants' Motion to Dismiss (doc. #4-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m)　☐ General Rule 21　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss Plaintiff's complaint (#4-1) is GRANTED. Defendant Schneider Logistics, Inc. is dismissed without prejudice from this action. Furthermore, Count III (42 U.S.C. § 1981) and Count IV (breach of contract) against Defendant Tranzact Payment Services, Inc. are dismissed. Finally, Plaintiff's request to voluntarily dismiss Count V (intentional and/or negligent infliction of emotional distress) is allowed. Counts I and II alleging race discrimination and retaliation by Defendant Tranzact remain. Status hearing set for December 3, 2002, at 9:15 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 28 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

**DOCKETED**

OCT 2 8 2002

ANTHONY WARD,             )
                              )
       Plaintiff,              )
                              )      NO. 02 C 518
v.                             )
                              )      JUDGE WILLIAM J. HIBBLER
TRANZACT PAYMENT SERVICES, INC.,    )
and SCHNEIDER LOGISTICS, INC.,       )
                              )
       Defendants.          )

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Ward ("Ward") filed this complaint against his former employer, Tranzact Payment Services, Inc. ("Tranzact"), and its parent company, Schneider Logistics, Inc. ("Schneider"), alleging race discrimination under Title VII and 42 U.S.C. § 1981, retaliation in violation of Title VII, breach of express and/or implied contract and negligent/intentional infliction of emotional distress. Schneider now moves for dismissal from this lawsuit, contending that Ward, who was employed by its subsidiary, has not stated a claim against Schneider. Tranzact also moves to dismiss Ward's breach of contract and § 1981 claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendants' motions to dismiss are granted..

## BACKGROUND

The complaint alleges that Ward, an African-American male, began his employment with Tranzact in November 2000 as a Payment Services Manager. Ward claims that in May 2001, after he complained to his supervisors about racially discriminatory behavior and filed a charge with the EEOC, he was demoted to the position of Business Analyst. Indeed, on May 25, 2001, Ward received a written memorandum entitled "Performance Improvement Plan" ("Plan"), stating that Ward had until June 29, 2001, to demonstrate his competence as a Business Analyst. If Ward were successful, Tranzact would develop another plan to restore him to his previous position; if not, termination was likely. On or about

June 26, 2001, in response to a letter he had received from the Human Resources Manager at Schneider, Ward related instances of allegedly inappropriate conduct by his supervisor. On June 27, 2001, Tranzact terminated Ward's employment.

## ANALYSIS

In deciding a motion to dismiss under Rule 12(b)(6), the Court construes allegations within the complaint in the light most favorable to plaintiff, taking all well-pleaded facts and allegations as true. *Bontkowski v. First Nat. Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Furthermore, dismissal is not warranted unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Leahy v. Bd. of Tr. of Cmty. Coll. Dis. No. 508*, 912 F.2d 917, 921 (7th Cir. 1990).

## I.   Defendant Schneider

Schneider contends Ward has alleged no conduct on its part that would subject it to liability here. Ward responds that this is a case where the corporate veil between the parent corporation and subsidiary should be pierced. Whether Ward has alleged a sufficient basis for piercing the corporate veil depends on two factors: (1) is there such unity of interest and ownership between the two companies that separate personalities no longer exist; and (2) do circumstances exist such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice. *See Worth v. Tyer*, 276 F.3d 249, 260 (7th Cir. 2001). Alternatively, Schneider could also forfeit its limited liability if the company "directed the discriminatory act, practice, or policy of which [Ward] is complaining.." *Id.* at 260.

The Complaint's sole reference to Schneider involves Ward receiving a letter from its Human Resources Manager, and in turn, communicating to her instances of inappropriate conduct by his supervisor at Tranzact. (Compl. ¶24). However, that allegation is insufficient to establish either unity of interest between Schneider and Tranzact, or fraud or resultant unfairness. *See NPF WL, Inc. v. Sotka*, No. 99C7966, 2000 LEXIS 6547, at *20 (N.D. Ill. May 11, 2000); *Chicago Dist. Council of Carpenters Pension*

*Fund v. G&A Installations, Inc.*, No. 95C6524, 2000 LEXIS 1444, at *7 (N.D. Ill. Feb. 7, 1996). At most,

the inquiry suggests Schneider may have played a role in the investigation of Ward's discrimination claims

against Tranzact. Nevertheless, it would be quite a stretch to infer from the one contact that it was

Schneider who directed Tranzact's actions towards Ward. Although the federal rules mandate notice

pleading only, *see* Fed. R. Civ. P. 8(b), the complaint must still, at a minimum, allege some basis for

holding Schneider liable for conduct attributed to Tranzact, *see Chicago Dist. Council*, 1996 LEXIS 1444

at *11. Because the complaint is devoid of facts outlining a theory for piercing the corporate veil, Ward's

claims against Schneider must be dismissed.

## II.     Defendant Tranzact

### *A. Breach of Contract (Count IV)*

Ward claims that the Plan instituted by Tranzact was a contract guaranteeing his continued

employment until at least June 29, 2001, and thus the decision to terminate him on June 27, constitutes

a breach of that agreement. Tranzact maintains Ward has not alleged an enforceable employment

contract. The Court agrees. In Illinois, unless the parties agree employment will last for a specified

duration, the employer/employee relationship is presumed to be at-will. *LaScola v. U.S. Sprint Comm.*,

946 F.2d 559, 563 (7th Cir. 1991). Such a relationship permits an employer to terminate an employee at

any time for any reason. *Corcoran v. Chicago Park District*, 875 F.2d 609, 612 (7th Cir. 1989). To rebut

the at-will presumption, Ward must identify "clear and definite language" showing the parties agreed

otherwise. *LaScola*, 946 F.2d at 564-565. In addition, the plaintiff must show the agreement is supported

by consideration. *See Kalush, v. Deluxe Corp.*, 171 F.3d 489, 492 (7th Cir. 1999).

Ward asserts that under the Plan, Tranzact gave him approximately 36 days to demonstrate his

ability to perform the position of Business Analyst at a competent level, as well as another 60 days, once

the initial probationary period ended, to transition back to the Payment Services Manager position he had

previously held. In other words, Ward contends that because Tranzact chose to allow him an additional

month to improve his performance, instead of terminating him then as it could have done, Tranzact established a contract for continued employment at least through the probationary period. Not surprisingly, Ward cites no case law in support of this novel proposition that simply by virtue of entering into a performance improvement plan, his status changed from an at-will employee to one with a guaranteed term of employment. Certainly, Ward has not pointed to any language in the Plan, let alone clear and definite statements, evincing an intent by Tranzact to establish a contract to employ Ward until June 29, 2001. *See LaScola*, 946 F.2d at 564-65. The Plan clearly states that if Ward failed to master the Business Analyst role by the end of the probationary period, termination was likely. That does not mean, though, the Court should read into that language a promise by Tranzact not to act before June 29, 2001. *See Williams v. Toshiba America Med. Sys.*, No. 93C3448, 1994 LEXIS 5304, at *28 (N.D. Ill. Apr. 22, 1994) (finding language in a ninety-day performance plan precatory, offering, at best, an expectancy in continued employment, not a contractual right). The Court will not rewrite the Plan now to impose a contractual obligation where it is clear none was intended. *LaScola*, 946 F.2d at 565.

Moreover, Ward's contention that he accepted his demotion, foregoing the option of pursuing other employment, does not constitute sufficient consideration for an employment contract. *See e.g., Shelton v. Ernst & Young*, 143 F. Supp. 2d 982, 992 (N.D. Ill. 2001) ("an employee's mere waiving of a right to pursue or accept alternative employment opportunities does not constitute adequate consideration to support a promise to employ the employee for a certain period of time").

Consequently, the Court concludes, the complaint does not state a claim for breach of contract. Tranzact's motion to dismiss the breach of contract count is therefore granted.

## B. Violation of 42 U.S.C. § 1981 (Count III)

Whether an at-will employee can, as a matter of law, bring a § 1981 claim against an employer is an issue the parties vigorously dispute. Section 1981 protects an individual's right to "make and enforce contracts," a term that is statutorily defined as including "the making, performance, modification, and

termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The argument advanced by Tranzact is that Ward, as an at-will employee, cannot identify a sufficient contractual relationship to form the basis for a § 1981 claim. Although the Seventh Circuit has not squarely resolved this dilemma, it did provide some guidance, albeit in the form of dicta, on how it might decide that question, in *Gonzalez v. Ingersoll Milling Machine Co.*, 133 F.3d 1025 (7th Cir. 1998). There, the plaintiff challenged the district court's decision dismissing her § 1981 race discrimination claim because, among other reasons, "there was never a contract between [plaintiff] and [her employer] to give rise to a section 1981 claim in the first place. . . ." *Id.* at 23. The Seventh Circuit stated that it was "affirm[ing] the district court's grant of summary judgment because there was no contractual relationship and even if there was Gonzalez failed to meet her burden under *McDonnell Douglas*." *Id.* at 24.

The appeals court explained that "[i]n order to bring a section 1981 claim there must at least be a contract." *Id.* at 27. The plaintiff in *Gonzalez*, like Ward here, had failed to establish the existence of an employment contract. Consequently, the focus shifted to determining if an employment-at-will situation could support a § 1981 claim. In its discussion, the Seventh Circuit noted that *McKnight v. General Motors Corp.*, 908 F.2d 104 (7th Cir. 1990), suggested at-will employees were in a contractual relationship, but then questioned the validity of that decision, given its reliance on *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989), a case overruled by the 1991 amendments to section 1981. *Gonzalez*, 133 F.3d at 1035. The Seventh Circuit then cited with approval cases dismissing § 1981 claims by at-will employees. *Id.* ("Arguably, since [plaintiff] was an employee at-will, and did not have any contractual rights regarding the term of her employment, she cannot claim that she was discriminated against. . . ."). Ultimately, however, the Court of Appeals sidestepped the employment at will issue, holding instead that plaintiff's claim failed because she could not establish a prima facie case of race discrimination.

Since *Gonzalez*, district courts in the Seventh Circuit have split on the viability of such § 1981

claims. *Compare Riad v. 520 South Michigan Ave. Assoc. Ltd.*, 78 F. Supp. 2d 748 (N.D. Ill. 1999) (Moran, J.) *and Jones v. Sabis Educ. Sys., Inc.*, 52 F. Supp. 2d 868 (N.D. Ill. 1999) (Gettleman, J.), allowing § 1981 claims to proceed, *with Tucker v. Cassiday, Schade & Gloor*, No. 99C4001, 2000 WL 968828, at *4 (N.D. Ill. July 13, 2000) (Kocoras, J.) *and Payne v. Abbott Labs.*, No. 97C3882, 1999 WL 116208, at *2 (N.D. Ill. Mar. 2, 1999) (Leinenweber, J.), dismissing § 1981 claims. Furthermore, the Fourth and Fifth Circuits subsequently rejected the language in *Gonzalez*, concluding that at-will employees may sue for alleged discriminatory termination under § 1981. *See Spriggs v. Diamond Auto Glass*, 165 F.3d 1015 (4th Cir. 1999); *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048 (5th Cir. 1998).

After considering the arguments on both sides, the Court believes it prudent to follow the leanings of *Gonzalez*. Although the Fourth and Fifth Circuit decisions offer compelling arguments in support of expanding the reach of § 1981 to encompass claims of at-will employees, this Court is bound by the Seventh Circuit's language in *Gonzalez* strongly suggesting that it favors the contrary view. As such, this Court respectfully declines to follow the courts in this district holding otherwise. *See e.g., Riad*, 78 F. Supp. 2d at 754-56 (finding *Fadeyi* and *Spriggs* more persuasive than *Gonzalez*); *Jones*, 52 F. Supp. 2d at 875-76 (same). Therefore, Ward, as an at-will employee, cannot maintain a claim under § 1981.

## CONCLUSION

Having found the complaint fails to sufficiently allege an action against Schneider, or state a claim against Tranzact for breach of contract, or racial discrimination in violation of 42 U.S.C. § 1981, the Court grants the Defendants' motions to dismiss.

**IT IS SO ORDERED.**

WILLIAM J. HIBBLER, DISTRICT JUDGE

DATED: October 22, 2002

-6-